# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PEGAWAGNABA DIDIER
KIYALI,**

     **Plaintiff,**

                                   **Case No:**

**v.**

**CARRINGTON MORTGAGE
SERVICES, LLC, and BANK OF**         **DEMAND FOR JURY TRIAL**
**AMERICA, N.A.,**

     **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **PEGAWAGNABA DIDIER KIYALI** ("Mr. Kiyali"

or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants,

**CARRINGTON MORTGAGE SERVICES, LLC** ("Debt Collector") and **BANK OF**

**AMERICA, N.A.** ("Debt Owner") (collectively "Defendants"), and in support thereof

states as follows:

### _Introduction_

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **1** of **22**

by sending Mr. Kiyali numerous collection letters that misrepresent the amount of the alleged Debt, and by improperly servicing Mr. Kiyali's mortgage loan in reckless disregard for Mr. Kiyali's consumer rights, which led to Defendant filing a wrongful mortgage foreclosure action against Mr. Kiyali, which can all reasonably be expected to harass Mr. Kiyali.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Mr. Kiyali, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of North Carolina and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

6.      At all times material hereto, Debt Collector was and is a foreign limited liability company with its principle place of business in the State of California and its

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **2** of 22

registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

7.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

8.      At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Kiyali's alleged debt.

9.      At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Kiyali's alleged debt for Debt Owner.

10.      As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

11.      Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Kiyali's information.

12.      Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Kiyali's information into Debt Owner's sales or customer systems.

13.      Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

14.      Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when sending collection letters to Mr. Kiyali in connection with collection of an alleged Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **3** of **22**

15.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when servicing Mr. Kiyali's mortgage loan and misrepresenting multiple legal rights against Mr. Kiyali and Debt Owner failed to stop such violations by Debt Collector.

16.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in servicing Mr. Kiyali's mortgage loan on behalf of Debt Owner.

### *Statements of Fact*

17.     On or around July 7, 2008, Mr. Kiyali executed and delivered a note and mortgage in favor of Security Atlantic Mortgage Co. Inc., secured by property located at 2539 Centennial Falcon Drive, Valrico, FL 33594 ("Property").

18.     On October 26, 2016, Mr. Kiyali entered into an FHA Insured Loan Modification Agreement with Debt Owner. *See* **Exhibit A.**

19.     On September 10, 2017, Hurricane Irma made landfall in Florida.

20.     Hurricane Irma is the fifth-costliest hurricane to hit the mainland United States, causing an estimated $50 billion in damage according to the National Hurricane Center.

21.     All sixty-seven Florida counties, including Hillsborough County where Mr. Kiyali's home is located, were presidentially-declared major disaster areas due to Hurricane Irma.

22.     At the time of Hurricane Irma, Mr. Kiyali's home mortgage loan account was identified by the unique loan number ending in 3089 ("Mortgage").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **4** of 22

23.     Mr. Kiyali was current on his payments toward the Mortgage at the time of Hurricane Irma.

24.     In October of 2017, Mr. Kiyali entered into a disaster forbearance program ("Disaster Forbearance Program") with Debt Owner as Debt Owner was also servicer of the Mortgage, deferring his regular monthly installment payments towards the Mortgage for three months.

25.     Despite the Disaster Forbearance Program, on November 17, 2017, Debt Owner sent Mr. Kiyali a collection letter ("Collection Letter 1"). *See* **Exhibit B.**

26.     Collection Letter 1 identified the Mortgage loan number; the Property address; demanded a "Total Amount Due" of $12,146.47 ("Debt"); demanded a "Payment due date" of December 1, 2017; threatened a late fee of $75.31 if payment was received after December 18, 2017; and offered options for payment including PayPlan, online, by mail, and by phone. *See* **Exhibit B.**

27.     On December 18, 2017, Debt Owner sent Mr. Kiyali another collection letter ("Collection Letter 2"). *See* **Exhibit C.**

28.     Collection Letter 2 identified the Mortgage loan number; the Property address; demanded a "Total Amount Due" of $12,146.47; demanded a "Payment due date" of January 1, 2018; threatened a late fee of $75.31 if payment was received after January 17, 2018; and offered options for payment including PayPlan, online, by mail, and by phone. *See* **Exhibit C.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **5** of **22**

29.     Included in Collection Letter 2 was a "Delinquency Notice" stating Mr. Kiyali was 78 days delinquent on the Mortgage, despite Mr. Kiyali being current on the Mortgage pursuant to the Disaster Forbearance Program. *See* **Exhibit C.**

30.     At the end of the Disaster Forbearance Program, Mr. Kiyali began remitting payment towards the Mortgage starting with a payment on February 12, 2018.

31.     Despite Mr. Kiyali making his February 2018 payment towards the Mortgage, on February 20, 2018, Debt Owner sent Mr. Kiyali another collection letter ("Collection Letter 3"). *See* **Exhibit D.**

32.     Collection Letter 3 identified the Mortgage loan number; the Property address; demanded a "Total Amount Due" of $14,034.66; demanded a "Payment due date" of March 1, 2018; threatened a late fee of $75.41 if payment was received after March 19, 2018; and offered options for payment including PayPlan, online, by mail, and by phone. *See* **Exhibit D.**

33.     Mr. Kiyali thereafter continued making timely payments towards the Mortgage in March, April, and May of 2018.

34.     On May 17, 2018, Debt Owner sent Mr. Kiyali another collection letter ("Collection Letter 4"). *See* **Exhibit E.**

35.     Collection Letter 4 identified the Mortgage loan number; the Property address; demanded a "Total Amount Due" of $15,922.85; demanded a "Payment due date" of June 1, 2018; threatened a late fee of $75.41 if payment was received after June 18, 2018; and offered options for payment including PayPlan, online, by mail, and by phone. *See* **Exhibit E.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **6** of 22

36.     Included in Collection Letter 4 was a "Delinquency Notice" stating that as of May 17, 2018, Mr. Kiyali was 136 days delinquent on the Mortgage, despite Mr. Kiyali's Mortgage payment on May 7, 2018.

37.     Thereafter, Mr. Kiyali made his June 2018 payment towards the Mortgage timely on June 4, 2018.

38.     On June 18, 2018, Debt Owner sent Mr. Kiyali another collection letter ("Collection Letter 5"). *See* **Exhibit F.**

39.     Collection Letter 5 identified the Mortgage loan number; the Property address; demanded a "Total Amount Due" of $15,998.26; demanded a "Payment due date" of July 1, 2018; threatened a late fee of $75.41 if payment was received after July 17, 2018; and offered options for payment including PayPlan, online, by mail, and by phone. *See* **Exhibit F.**

40.     Included in Collection Letter 5 was another "Delinquency Notice" stating that as of June 18, 2018, Mr. Kiyali was 137 days delinquent on the Mortgage despite Mr. Kiyali's Mortgage payment on June 4, 2018. *See* **Exhibit F.**

41.     Debt Owner's multiple misrepresentations on the Mortgage account caused Mr. Kiyali confusion about the status of his Mortgage.

42.     On July 23, 2018, Debt Collector sent Mr. Kiyali a Notice of Servicing Transfer indicating that his Mortgage was being transferred from Debt Owner to Debt Collector and identified Debt Collector's unique loan number for Mr. Kiyali's Mortgage loan, ending in 7798. *See* **Exhibit G.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **7** of **22**

43.     Under information and belief, Debt Owner reflected that the Mortgage was in default at the time it assigned the servicing rights to the Mortgage to Debt Collector.

44.     After Debt Collector began servicing the Mortgage, Mr. Kiyali had issues remitting his regular monthly loan payment to Debt Collector as a result of the transfer in servicing.

45.     Mr. Kiyali attempted to timely make his regular monthly loan payments and contacted Debt Collector multiple times to figure out how to properly remit the payment after Debt Collector was transferred servicing on the Mortgage, to no avail.

46.     On July 26, 2018, Debt Collector sent Mr. Kiyali a Notice of Intent to Foreclose despite Mr. Kiyali making consistent payments toward the Mortgage since February of 2018 ("Notice of Intent to Foreclose"). *See* **Exhibit H.**

47.     The Notice of Intent to Foreclose identified Debt Owner, the Mortgage loan number, the Property address, and demanded payment in the amount of $13,732.60 within 35 days to cure the delinquency on the Mortgage, stating that payments had allegedly not been made dating back to March 1, 2018. *See* **Exhibit H.**

48.     Additionally, the Notice of Intent to Foreclose identified options for payment including overnight mail, Western Union, and MoneyGram, and a provision stating that if Mr. Kiyali fails to cure the delinquency within 35 days, it may result in acceleration of the total amount, foreclosure by judicial proceeding, and sale of the Property. *See* **Exhibit H.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **8** of 22

49.     Soon after, Mr. Kiyali contacted Debt Owner demanding confirmation of the dates Mr. Kiyali's Mortgage was under the Disaster Forbearance Program and proof that Mr. Kiyali was delinquent on the Mortgage.

50.     In response, on August 2, 2018, Debt Owner sent Mr. Kiyali a letter indicating Mr. Kiyali's Mortgage loan had been "under a 3 month Special Forbearance agreement" due to Hurricane Irma which began October of 2017 and ended December of 2017 ("Confirmation Letter"). *See* **Exhibit I.**

51.     In the Confirmation Letter, Debt Owner also indicated that on July 14, 2018, the servicing of Mr. Kiyali's home loan was transferred from Debt Owner to Debt Collector.

52.     Mr. Kiyali requested a reinstatement letter from Debt Collector in hopes of clarifying the status of his Mortgage because he was confused as to how he could be facing foreclosure when he had been timely remitting all payments.

53.     On September 15, 2018, Debt Collector sent Mr. Kiyali an Account Reinstatement Notification indicating the Mortgage loan number, the Property address, and demanding a total payment of $20,450.34 prior to October 10, 2018 in order for Mr. Kiyali to cure the delinquency owed under the Mortgage, and provided three payment options including bank wire, MoneyGram, or Western Union Quick Collect ("Reinstatement Notification"). *See* **Exhibit J.**

54.     Mr. Kiyali continued attempting to make monthly payments toward his Mortgage.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **9** of 22

55.     However, on or around October 24, 2018, Debt Owner filed an action seeking to foreclose on the Property and collect the deficiency owed under the Mortgage dating back to March 1, 2018. *See* Hillsborough County Case No. 18-CA-010449 ("Foreclosure Case"). ***See* Exhibit K.**

56.     Debt Collector signed the Foreclosure Case complaint as attorney-in-fact. ***See* Exhibit K, p. 5.**

57.     The Foreclosure Case complaint requested the court to retain jurisdiction to seek a deficiency judgment. ***See* Exhibit K, p. 4.**

58.     Defendants' communications in connection with the collection of the alleged Debt on the Mortgage harassed Mr. Kiyali due to the content, timing, and frequency of the communications.

59.     Defendants' collection letters 1-5 (collectively "Collection Letters") were all sent in connection with the collection of the Debt.

60.     Defendants' filing of the wrongful Foreclosure Case against Mr. Kiyali harassed and humiliated Mr. Kiyali due to the illegitimacy of such action.

61.     Defendants' Foreclosure Case was filed in connection with the collection of the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

62.     Mr. Kiyali re-alleges paragraphs 1-61 and incorporates the same herein by reference.

63.     Mr. Kiyali is a "consumer" within the meaning of the FDCPA.

64.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **10** of 22

65.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

66.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated 15 U.S.C. § 1692d by attempting to collect the Debt from Mr. Kiyali after Mr. Kiyali was making timely payments toward the Mortgage account, the natural consequence of which is to harass and abuse Mr. Kiyali in connection with the collection of the Debt.

b.   Debt Collector violated 15 U.S.C. § 1692d by improperly servicing Mr. Kiyali's Mortgage despite Mr. Kiyali's attempts to correct Debt Collector's servicing errors, the natural consequence of which is to harass and abuse Mr. Kiyali in connection with the collection of the Debt.

c.   Debt Collector violated 15 U.S.C. § 1692d by pursuing the wrongful foreclosure action against Mr. Kiyali, the natural consequence of which is to harass and abuse Mr. Kiyali in connection with the collection of the Debt.

d.   Debt Collector violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character, amount, or legal status of the Debt in its Collection Letters.

e.   Debt Collector violated 15 U.S.C. § 1692e (2)(A) by misrepresenting the legal right to foreclose on Mr. Kiyali's

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **11** of **22**

Property and collect any deficiency balance owed thereafter when Mr. Kiyali had been making timely payments towards the Mortgage.

f. Debt Collector violated 15 U.S.C. § 1692e (4) by falsely representing that nonpayment of the Debt will result in the sale of the Property when such action would be unlawful.

67. As a result of the above violations of the FDCPA, Mr. Kiyali has been subjected to illegal collection activities for which he has been damaged.

68. Debt Collector's actions were either intentional or grossly negligent as, in addition to complying with his loan payment requirements, Mr. Kiyali did everything in his power to notify Debt Collector and/or Debt Owner of the improper servicing on Mr. Kiyali's loan. Defendants failed to follow any reasonable default servicing standards that would prevent it from, for example, signing the wrongful Foreclosure Case against Mr. Kiyali as attorney-in-fact. Instead, Defendants intentionally disregarded Mr. Kiyali's attempts to correct the situation, sent multiple collection letters to Mr. Kiyali demanding payments that were already remitted by Mr. Kiyali, and filed a wrongful foreclosure action against Mr. Kiyali, which has caused Mr. Kiyali extreme emotional distress and frustration.

69. Debt Collector's actions have damaged Mr. Kiyali by invading his privacy.

70. Debt Collector's actions have damaged Mr. Kiyali by causing him embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **12** of 22

71.     Debt Collector's actions have damaged Mr. Kiyali by causing him stress.

72.     Debt Collector's actions have damaged Mr. Kiyali by causing him aggravation.

73.     Debt Collector's actions have damaged Mr. Kiyali by harming his reputation.

74.     Debt Collector's actions have damaged Mr. Kiyali by causing him loss of sleep.

75.     It has been necessary for Mr. Kiyali to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

76.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

d.  Any other and further relief as this Court deems just and equitable.

### ***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*** ***(as against Debt Collector)***

77.     Mr. Kiyali re-alleges paragraphs 1-61 and incorporates the same herein by reference.

78.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **13** of 22

a.  Debt Collector violated Fla. Stat. § 559.72 (7) by willfully filing the Foreclosure Case against Mr. Kiyali when it knew Mr. Kiyali had timely been remitting payments towards the Mortgage, which can reasonably be expected to harass him.

b.  Debt Collector violated Fla. Stat. § 559.72 (7) by willfully sending Mr. Kiyali multiple collection letters that demanded an illegitimate amount from Mr. Kiyali, when Defendant knew Mr. Kiyali had timely been remitting payments towards the Mortgage, which can reasonably be expected to harass him.

c.  Debt Collector violated Fla. Stat. § 559.72 (9) by claiming, attempting, and threatening to enforce the Debt by sending Mr. Kiyali multiple collection letters that misrepresented amounts owed when Debt Collector knew that the Debt was not legitimate.

d.  Debt Collector violated Fla. Stat. § 559.72 (9) by claiming, attempting, and threatening to enforce the Debt by prosecuting the Foreclosure Case when Debt Collector knew that the Debt was not legitimate and that Debt Collector does not have the legal right to pursue the Foreclosure Case.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **14** of 22

79.     As a result of the above violations of the FCCPA, Mr. Kiyali has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

80.     Debt Collector's actions were done with malicious intent and with a reckless disregard of Mr. Kiyali's rights, as Debt Collector's actions are wholly without cause or excuse, when (1) Mr. Kiyali did not choose Debt Collector to service his loan; (2) Mr. Kiyali has suffered multiple improper collection attempts that stem from Debt Collector's failure to properly service the Mortgage; (3) despite Debt Collector knowing that Mr. Kiyali was not in default, Debt Collector still signed the Foreclosure Complaint against Mr. Kiyali as attorney-in-fact. There is no cause or excuse for Debt Collector to violate the law as a result of its own failures. This problem would not have occurred but for Debt Collector's failure to properly service the Mortgage, and Debt Collector's subsequent willful, knowing, and conscious disregard for the law. Debt Collector decided to go to the egregious extent of filing the Foreclosure Case without ever taking the time to review the Mortgage file to find that it was Debt Collector who had erred, not Mr. Kiyali.

81.     Debt Collector's actions have damaged Mr. Kiyali by invading his privacy.

82.     Debt Collector's actions have damaged Mr. Kiyali by causing him embarrassment.

83.     Debt Collector's actions have damaged Mr. Kiyali by causing him stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **15** of 22

84.     Debt Collector's actions have damaged Mr. Kiyali by causing him aggravation.

85.     Debt Collector's actions have damaged Mr. Kiyali by harming his reputation.

86.     Debt Collector's actions have damaged Mr. Kiyali by causing him loss of sleep.

87.     It has been necessary for Mr. Kiyali to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

88.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems just and equitable.

### _Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)_

89.     Plaintiff re-alleges paragraphs 1-61 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A._
Page **16** of 22

90.     Debt Owner violated the FCCPA.   Debt Owner's violations include, but are not limited to, the following:

a.   Debt Owner violated Fla. Stat. § 559.72 (7) by willfully assigning Debt Collector to collect an illegitimate amount from Mr. Kiyali, which can reasonably be expected to harass him.

b.   Debt Owner violated Fla. Stat. § 559.72 (7) by willfully filing the Foreclosure Case against Mr. Kiyali when Defendant knew Mr. Kiyali had timely been remitting payments towards the Mortgage, which can reasonably be expected to harass him.

c.   Debt Owner violated Fla. Stat. § 559.72 (7) by willfully sending Mr. Kiyali multiple collection letters that demanded an illegitimate amount from Mr. Kiyali, which can reasonably be expected to harass him.

d.   Debt Owner violated Fla. Stat. § 559.72 (9) by misrepresenting the amount of the Debt and status of the Debt as in default in its multiple Collection Letters to Mr. Kiyali when Debt Owner knew the amounts were false.

e.   Debt Owner violated Fla. Stat. § 559.72 (9) by claiming, attempting, and threatening to enforce the Debt by filing the Foreclosure Case when Debt Owner knew that the Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **17** of 22

was not legitimate and that Debt Owner does not have the
legal right to pursue the Foreclosure Case.

91.     At all times relevant hereto, Debt Owner was vicariously liable for the
actions of Debt Collector.

92.     Debt Collector violated the FCCPA. Debt Collector's violations include,
but are not limited to, the following:

   a.   Debt Collector violated Fla. Stat. § 559.72 (7) by willfully
        filing the Foreclosure Case against Mr. Kiyali when it knew
        Mr. Kiyali had timely been remitting payments towards the
        Mortgage, which can reasonably be expected to harass him.

   b.   Debt Collector violated Fla. Stat. § 559.72 (7) by willfully
        sending Mr. Kiyali multiple collection letters that
        demanded an illegitimate amount from Mr. Kiyali, when
        Defendant knew Mr. Kiyali had timely been remitting
        payments towards the Mortgage, which can reasonably be
        expected to harass him.

   c.   Debt Collector violated Fla. Stat. § 559.72 (9) by claiming,
        attempting, and threatening to enforce the Debt by sending
        Mr. Kiyali multiple collection letters that misrepresented
        amounts owed when Debt Collector knew that the Debt
        was not legitimate.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **18** of 22

     d.   Debt Collector violated Fla. Stat. § 559.72 (9) by claiming, attempting, and threatening to enforce the Debt by prosecuting the Foreclosure Case when Debt Collector knew that the Debt was not legitimate and that Debt Collector does not have the legal right to pursue the Foreclosure Case.

93.    As a result of the above violations of the FCCPA, Mr. Kiyali has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

94.    Debt Owner's actions were done with malicious intent and with a reckless disregard of Mr. Kiyali's rights, as Debt Owner's actions are wholly without cause or excuse, when (1) Debt Owner willfully assigned Debt Collector to collect an illegitimate amount from Mr. Kiyali when Mr. Kiyali did not choose Debt Collector to service his loan; (2) Mr. Kiyali has suffered multiple improper collection attempts from Debt Owner that stem from Debt Owner's reckless disregard of Mr. Kiyali's rights; and (3) Debt Owner willfully filed the Foreclosure Case against Mr. Kiyali despite Debt Owner knowing that Mr. Kiyali was not in default because Mr. Kiyali had been remitting timely payments towards the Mortgage. There is no cause or excuse for Debt Owner to violate the law as a result of its own failures. This problem would not have occurred but for Debt Owner assigning Debt Collector to collect an illegitimate amount from Mr. Kiyali, and Debt Collector's subsequent willful, knowing, and conscious disregard for the law. Debt Owner decided to go to the egregious extent of filing the Foreclosure Case without ever

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **19** of 22

taking the time to review the Mortgage file to find that it was Debt Owner who had erred, not Mr. Kiyali.

95.     Debt Collector's actions were done with malicious intent and with a reckless disregard of Mr. Kiyali's rights, as Debt Collector's actions are wholly without cause or excuse, when (1) Mr. Kiyali did not choose Debt Collector to service his loan; (2) Mr. Kiyali has suffered multiple improper collection attempts that stem from Debt Collector's failure to properly service the Mortgage; (3) despite Debt Collector knowing that Mr. Kiyali was not in default, Debt Collector still signed the Foreclosure Complaint against Mr. Kiyali as attorney-in-fact. There is no cause or excuse for Debt Collector to violate the law as a result of its own failures. This problem would not have occurred but for Debt Collector's failure to properly service the Mortgage, and Debt Collector's subsequent willful, knowing, and conscious disregard for the law. Debt Collector decided to go to the egregious extent of filing the Foreclosure Case without ever taking the time to review the Mortgage file to find that it was Debt Collector who had erred, not Mr. Kiyali.

96.     Defendants' actions have damaged Mr. Kiyali by invading his privacy.

97.     Defendants' actions have damaged Mr. Kiyali by causing him embarrassment.

98.     Defendants' actions have damaged Mr. Kiyali by causing him stress.

99.     Defendants' actions have damaged Mr. Kiyali by causing him aggravation.

100.     Defendants' actions have damaged Mr. Kiyali by harming his reputation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **20** of 22

101.    Defendants' actions have damaged Mr. Kiyali by causing him loss of sleep.

102.    It has been necessary for Mr. Kiyali to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

103.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.    Awarding actual damages;

c.    Awarding punitive damages;

d.    Awarding costs and attorneys' fees;

e.    Ordering an injunction preventing further wrongful contact by the Defendant; and

g.    Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Pegawagnaba Didier Kiyali, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.*
Page **21** of 22

Respectfully submitted this **April 4, 2019**,

/s/ Michael A. Ziegler

Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
Kiyali v. Carrington Mortgage Services, LLC, and Bank of America, N.A.
Page **22** of 22